UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LAURA BADILLO CAMACHO, | Case No. 2:12-cv-01834-MMD-CWH |
| Petitioner, | ORDER |
| v. | |
| STATE OF NEVADA, | |
| Respondent. | |

Petitioner Laura Badillo Camacho has filed a *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254 (dkt. no. 1-1). On November 2, 2012, the Court directed petitioner to file an amended caption page within thirty (30) days that named the state officer who has custody of her as a respondent. This person typically is the warden of the facility in which the petitioner is incarcerated. Rule 2(a), Rules Governing Section 2254 Proceedings; *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir.1994). "Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction." *Stanley*, 21 F.3d at 360. The order was served on petitioner at her address of record.

More than the allotted time has passed, and petitioner has failed to file an amended caption page, or to respond to that portion of the Court's order in any manner. Accordingly, this action is dismissed without prejudice for lack of personal jurisdiction. It does not appear from the papers presented that a dismissal without prejudice will

1 materially affect a later analysis of any timeliness issue with regard to a promptly filed
2 new action.[1]

3     IT IS THEREFORE ORDERED that this action is DISMISSED without prejudice
4 for lack of personal jurisdiction.

5     IT IS FURTHER ORDERED that the following motions are DENIED as moot:
6 motion for appointment of counsel (dkt. no. 2); application to proceed *in forma pauperis*
7 (dkt. no. 4); application to proceed *in forma pauperis* (dkt. no. 5); *ex parte* motion for
8 appointment of counsel (dkt. no. 6).

9     IT IS FURTHER ORDERED that a certificate of appealability is DENIED, as
10 jurists of reason would not find the Court's dismissal of this improperly commenced
11 action without prejudice to be debatable or incorrect.

12     IT IS FURTHER ORDERED that the Clerk shall ENTER JUDGMENT accordingly
13 and close this case.

14     DATED THIS 11th day of February 2013.

17     MIRANDA M. DU
    UNITED STATES DISTRICT JUDGE

---

[1] With regard to timeliness, in this petition, petitioner states that she is challenging a judgment of conviction dated November 29, 2009 (dkt. no. 1-1). The papers on file and the online docket records of the Nevada Supreme Court reflect that the Nevada Supreme Court affirmed the state district court's denial of petitioner's state postconviction petition for writ of habeas corpus on April 11, 2012, as untimely (Case No.59207, remittitur issued May 8, 2012).

From the foregoing it would appear that the federal limitation period on any challenge to the judgment of conviction and sentence, unless otherwise tolled, has expired. It does not appear from the available records that the federal limitations period necessarily has expired as to any exhausted federal constitutional claim challenging the computation of petitioner's sentence. From the foregoing procedural history, it thus does not appear that a dismissal of the present petition without prejudice will materially affect an analysis of any timeliness or exhaustion issue as to a promptly filed later petition. Nor does it appear from the available records that a dismissal of this improperly commenced action without prejudice necessarily will be with prejudice in effect. Petitioner at all times remains responsible for properly exhausting his claims, for calculating the running of the federal limitation period as applied to her case, and for properly commencing a timely-filed federal habeas action.